IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| 360networks Tennessee, L.L.C., formerly known as IC Fiber Tennessee, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 05 C 3198 Consolidated with No. 05 C 3200 and No. 06 C 5558 |
| Plaintiff, | | |
| v. | | |
| ILLINOIS CENTRAL RAILROAD COMPANY, an Illinois corporation, | | |
| Defendant. | | |

### 360NETWORKS' RENEWED AND SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50 of the Federal Rule of Civil Procedure, 360networks Mississippi, LLC, 360networks Tennessee, LLC, and 360networks Louisiana, LLC (collectively "360") respectfully move the Court for judgment as a matter of law in favor of 360 on all of 360's claims and on all of the claims, counterclaims, and affirmative defenses asserted by Illinois Central ("IC"). 360 also moves for judgment as a matter of law on its claim for damages in the amount of $783,912.35, plus interest and costs.

360 hereby incorporates its June 9, 2010 Motion as if fully set forth herein. However, additional points are set forth below based on the additional undisputed evidence that has been provided as part of 360's case.

**A. The evidence is completely undisputed that IC approved the location of the cable.**

The testimony presented by 360 through Iain Morris, Jerry Tolene, Cecil Coker, Dave Ferryman, and Jason Squires (in addition to the testimony of Gary Broda and David Lowe cited earlier), establishes that IC representatives helped select the location

where the cable was installed, received and approved working drawings, and approved the location of the cable.

**Iain Morris** testified that IC approved the location of the cable in numerous ways:

- 360 and IC representatives jointly laid out and staked the entire route. (Iain Morris Testimony, 15:2 – 18:25; 98:19 – 99:2).

- Before construction began, IC personnel approved the location where the route was staked. (Id., 16:24 – 17:1).

- Working drawings were provided to IC, and IC approved the working drawings. (Id., 15:2-19; 18:2-25; 19:21-25; 47:13-15; 60:9-18; 61:4-11; 94:15-18; 99:3-18; 103:3-13).

- After IC received the working drawings, IC never notified 360 of its disapproval of the working drawings. (Id., 19:21-25).

- 360 did not begin construction until IC approved the working drawings. (Id., 20:9-15).

**Dave Ferryman** was IC's division engineer for the gulf region where the cable was installed. (Ferryman Testimony, 8:20 – 9:2). Ferryman's testimony also confirmed IC approved the location of the cable before it was installed:

- 360 and IC were jointly responsible for oversight of the installation of the cable in Tennessee, Mississippi, and Louisiana. (Id., 13:24 – 14:6).

- Ferryman appointed certain IC employees to work with 360 in determining where to install the fiber optic cable. (Id., 14:9-17).

- Ferryman directed Green to make sure the cable was agreeable to personnel from other IC divisions. Ferryman never received any complaints that Green did not perform his job, and Ferryman believes Green made sure 360 installed the cable in locations that were agreeable to IC. (Id., 85:8 – 86:6; 88:18 – 89:12; 96:18 – 97:13; see also Ex. 139).

**Jerry Tolene**, an engineering superintendent for IC in Mississippi and Tennessee during the construction project, also confirmed IC approved the location of the cable:

- Tolene was instructed to make sure the running line was acceptable to IC, and he followed the instruction and made sure the cable was installed in locations acceptable to IC. (Tolene Dep., 40:15 – 41:24; 68:21 – 69:5; 77:5-11; see also Ex. 139).

- Tolene was present in the right of way during the installation of the cable and he did not object to the location of the cable. (Id., 40:1-11; 67:17 – 69:5).

**Cecil Coker** also testified that the route was staked and the cable location was approved by IC:

- The route was staked before the installation project began. (Coker Testimony, 27:24 – 19:1).

- The 360 installation did not interfere with IC's operations. (Id., 35:20 – 36:5; 38:16-22).

- Before he retired from IC in 2002, Coker never heard anyone claim the cable interfered with IC's operations. Coker did not even learn of this dispute until 2010. (Id., 26:18 - 27:5; 40:17-20; 15:7-10).

360's final witness, **Jason Squires**, offered detailed, unequivocal testimony about IC's approval of the location of the cable:

- 360 and IC jointly selected the location of the cable during a three or four-day hi-rail process.

- During the hi-rail process, representatives from IC's bridge department instructed 360 where and how to install the cable at each bridge along the route.

- Working drawings were delivered to IC personnel.

- IC approved working drawings in the field.

- IC engineers were present in the field and never objected to the location where the cable was being installed.

Because the undisputed evidence shows IC approved the location of the cable, 360 is entitled to judgment as a matter of law on all of its claims and on all of IC's claims and counterclaims.

**B. Judgment As A Matter of Law Should Be Entered On IC's Affirmative Defenses.**

On June 7, 2010, IC submitted amended affirmative defenses, which provide no more detail than the following (other than number 6):

1. failure to state a claim
2. estoppel
3. waiver
4. unclean hands
5. mitigation of damages
6. breach of license agreement.

See Docket No. 149

The first five defenses are presented in conclusory fashion, which at this stage of a matter is both problematic and revealing. Neither the pleading itself, nor any evidence presented at trial, provides any basis whatsoever for the trier of fact to consider these defenses. There is no factual support for any of these defenses. Judgment on these five defenses is appropriate.

As to the sixth affirmative defense (breach of license agreement), putting aside the fact that the various items listed fail to take into account the Court's prior rulings on summary judgment as well as its May 28, 2010 order, judgment as a matter of law is appropriate because the Court has already ruled "360 did not breach the [License] Agreements if IC approved the location of the cable." (May 28, 2010 Order, p. 9 n. 4; Oct. 26, 2009 Order, p. 9 (citing May 10, 2007 Order, p. 9)). As discussed in 360's Motion for Judgment as a Matter of Law and as supplemented above, the evidence is undisputed that IC approved the location of the cable. Thus, the cable did not, as a

4

matter of law, unreasonably interfere with IC's operations. Judgment as a matter of law is appropriately entered on this affirmative defense.

**C.     Judgment As A Matter of Law Is Also Appropriate On 360's Damages.**

360 has presented unrebutted evidence that the cost it incurred for the relocation of the fiber optic cable at the relevant bridges is $783,912.36. Based on the evidence presented, no reasonable jury could determine otherwise, and the Court should therefore enter judgment in that amount (plus interest and costs) in favor of 360.

**CONCLUSION**

For the reasons set forth herein and in 360's earlier Motion for Judgment as a Matter of Law (incorporated herein), the evidence presented by IC does not create a legally sufficient evidentiary basis from which a reasonable jury could conclude IC did not approve the location of the cable. Because IC approved the location of the cable, 360 is entitled to judgment as a matter of law on all of its claims and on all of IC's claims and counterclaims. Moreover, 360's damage figures are also unrebutted, leaving no basis for a conclusion other than the $783,912.36 figures presented.

Dated this 11th day of June, 2010.

        Respectfully submitted,

        360networks Mississippi, L.L.C., formerly known as IC Fiber Mississippi, L.L.C., 360networks Tennessee, L.L.C., formerly known as IC Fiber Tennessee, L.L.C., and 360networks Louisiana, L.L.C., formerly known as IC Fiber Louisiana, L.L.C.

By:     /s/ Kevin B. Duff_____
       Joseph E. Jones
       Patrick S. Cooper
       FRASER STRYKER PC, LLO
       500 Energy Plaza
       409 South 17th Street
       Omaha, Nebraska 68102-2663
       (402) 341-6000

and   Kevin B. Duff
       Michael Rachlis
       Rachlis Durham Duff & Adler, LLC
       542 South Dearborn Street, Suite 900
       Chicago, Illinois 60605
       Phone: (312) 733-3390
       Fax: (312) 733-3952
       Email: kduff@rddlaw.net
       ATTORNEYS FOR 360networks

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing was served by hand and electronically filed with the Court via the CM/ECF system on this 11th day of June, 2010, and e-mail notification was thereby served upon James Helenhouse and Peter McLeod, FLETCHER & SIPPEL, LLC, 29 North Wacker Drive, Suite 920, Chicago, Illinois 60606-2832.

                                      /s/ Kevin B. Duff_____

542407